IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

**MICHAEL RAY FORTUNA,**

        **Plaintiff,**

v.                                                       Civil Action No.  5:19cv269
                                                     (Judge Bailey)

**FBOP, et al.,**

        **Defendants.**

## REPORT AND RECOMMENDATION

### I. Background

On September 18, 2019, Michael Ray Fortuna, the *pro se* plaintiff, who is a federal prisoner incarcerated at FCI Gilmer, initiated this Bivens action. In addition, the Plaintiff filed a Motion for Leave to Proceed *in forma* pauperis, a Prisoner Trust Fund Account statement, and a Consent to Collection of fees. This case is before the undersigned for an initial review and report and recommendation pursuant to LR PL P 2 and 28 U.S.C. §§ 1915A and 1915(e).

In his complaint, the plaintiff alleges that on August 17, 2019, he fell from his top bunk and injured himself. He further alleges that he hurt his right shoulder, lower back, neck and hip. He also alleges that he cannot see out of his right eye because everything is still blurry. For relief, he seeks medical treatment for his injuries, 5 million dollars for pain and suffering as well as future pain and suffering, future lost wages and earnings, future medical expenses and mental distress now and in the future. In addition, he wants $200 a day for the rest of his life.

In his complaint, the plaintiff acknowledges that there is a prison grievance procedure at FCI Gilmer. However, he also acknowledges that because he was just injured on August 17, 2019, he has not exhausted the grievance process because "it takes time to complete all of them." ECF No. 1 at 4.

## II. Standard of Review

Because the plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915A(b), a court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). However, the court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint which fails to state a claim under Fed.R.Civ.P. 12(b)(6) is not automatically frivolous. *See* Neitzke at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless,"[1] or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). This includes claims in which the plaintiff has little or no chance of success. See Estelle v. Gamble, 429 U.S. 97, 106 (1976).

## III. Analysis

---

[1] Id. at 327.

2

**A. Exhaustion of Administrative Remedies**

Under the Prison Litigation Reform Act (PLRA), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, must first exhaust all available administrative remedies.  42 U.S.C. § 1997(e)(a).  Exhaustion as provided in § 1997(e)(a) is mandatory.  Booth v. Churner, 532 U.S. 731, 741 (2001).  A Bivens action, like an action under 42 U.S.C. § 1983, is subject to the exhaustion of administrative remedies.  Porter v. Nussle, 534 U.S. 516, 524 (2002).  The exhaustion of administrative remedies "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes,"[2] and is required even when the relief sought is not available.  Booth, at 741.  Because exhaustion is a prerequisite to suit, all available administrative remedies must be exhausted prior to filing a complaint in federal court.  *See* Porter, at 524 (citing Booth, 532 U.S. at 741) (emphasis added).

Moreover, in Woodford v. Ngo, 548 U.S. 81, 84-85 (2006), the United States Supreme Court found that the PLRA's exhaustion requirement serves three main purposes: (1) to "eliminate unwarranted federal court interference with the administration of prisons"; (2) to "afford corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case"; and (3) to "reduce the quantity and improve the quality of prisoner suits."  Therefore, "the PLRA exhaustion requirement requires full and proper exhaustion."  Woodford, at 92-94 (emphasis added).  Full and proper exhaustion includes meeting all the time and procedural requirements of the prison grievance system.  Id. at 101-102.

The Bureau of Prisons provides a four-step administrative process beginning with attempted informal resolution with prison staff (BP-8).  See 28 C.F.R. § 542.10, et

---

[2] Id.

3

seq.  If the prisoner achieves no satisfaction informally, he must file a written complaint to the warden (BP-9), within 20 calendar days of the date of the occurrence on which the complaint is based.  If an inmate is not satisfied with the warden's response, he may appeal to the regional director of the BOP (BP-10) within 20 days of the warden's response. Finally, if the prisoner has received no satisfaction, he may appeal to the Office of General Counsel (BP-11) within 30 days of the date the Regional Director signed the response.[3]  An inmate is not deemed to have exhausted his administrative remedies until he has filed his complaint at all levels.  28 C.F.R.§ 542.10-542.15; Gibbs v. Bureau of Prison Office, FCI, 986 F.Supp. 941, 943 (D.Md. 1997).

In Jones v. Bock, 549 U.S. 199 (2007), the United States Supreme Court ruled, among other things, that an inmate's failure to exhaust under the PLRA is an affirmative defense, and an inmate is not required to specifically plead or demonstrate exhaustion in his complaint.  Nonetheless, pursuant to the Court's authority under 28 U.S.C. § 1915, it not foreclosed from dismissing a case *sua sponte* on exhaustion grounds, if the failure to exhaust is apparent from the face of the complaint.  See Anderson v. XYZ Prison Shealth Services, 407 F.3d 674, 681-82 (4th Cir. 2005).  Here the failure to exhaust is admitted by the plaintiff.

---

[3] "If accepted, a Request or Appeal is considered filed on the date it is logged into the Administrative Remedy Index as received.  Once filed, response shall be made by the Warden or CMM. within 20 calendar days; by the Regional Director within 30 calendar days; and by the General Counsel within 40 calendar days...If the time period for response to a Request or Appeal is insufficient to make an appropriate decision, the time for response may be extended once by 20 days at the institution level, 30 days at the regional level, or 20 days at the Central Office level. Staff shall inform the inmate of this extension in writing. Staff shall respond in writing to all filed Requests or Appeals.  If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." 28 C.F.R. § 542.18.

The undersigned acknowledges that despite the fact that the Supreme Court has stated that it "will not read futility or other exceptions into statutory exhaustion requirements," Booth, 532 U.S. at 741, n.6, several courts have found that the mandatory exhaustion requirement may be excused in certain limited circumstances. See Ziemba v. Wezner, 366 F.3d 161, 163 (2d Cir. 2004) (defendant may be estopped from asserting exhaustion as a defense when defendant's actions render grievance procedure unavailable); Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003) (summary dismissal for failure to exhaust not appropriate where prisoner was denied forms necessary to complete administrative exhaustion); Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001) (remedy not available within meaning of § 1997e(a) when prison officials prevent a prisoner from utilizing such remedy); Aceves v. Swanson, 75 F. App'x 295, 296 (5th Cir. 2003) (remedies are effectively unavailable where prison officials refuse to give inmate grievance forms upon request). Indeed, the Fourth Circuit has held that "an administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it." Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008).

Furthermore, a number of courts of appeals have held that prison officials' threats of violence can render administrative remedies unavailable. See, e.g., Turner v. Burnside, 541 F.3d 1077, 1085 (11th Cir. 2008); Kaba v. Stepp, 458 F.3d 678, 686 (7th Cir. 2006); Hemphill v. New York, 380 F.3d 680, 688 (2d Cir. 2004). But see Larkin v. Galloway, 266 F.3d 718, 723-24 (7th Cir. 2001) (failure to exhaust not excused because plaintiff was afraid of retaliation). For threats or intimidation to render administrative remedies unavailable, they must typically be substantial and serious enough that they

would deter a similarly situated prisoner of ordinary fitness from pursuing administrative remedies.  See Turner, 541 F.3d at 1085; Kaba, 458 F.3d at 684-86; Hemphill, 380 F.3d at 688.

Here, the plaintiff has made no claim that prison officials prevented him from exhausting his administrative remedies. In fact, the plaintiff has attached his BP-8 that was filed on August 22, 2019 and was answered on September 1, 2019.  Moreover, the plaintiff freely admits that he has not completed the grievance process because "it takes time." The plaintiff simply filed this complaint prematurely.

## IV. Recommendation

For the foregoing reasons, the undersigned recommends that the plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE**. In addition, the undersigned recommends that the plaintiff's Motion for Leave to Proceed *in forma* pauperis [ECF No.2] be **DENIED AS MOOT**

Within 14 days of service of this Report and Recommendation any party may file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.**  A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas

v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is **DIRECTED** to send a copy of this Report and Recommendation to the *pro se* Plaintiff by certified mail, return receipt requested, to his last known address as shown on the docket. In addition, because this Report and Recommendation completes the referral from the District Court, the Clerk is **DIRECTED** to terminate the Magistrate Judge association with this case.

DATED: September 19, 2019

*/s/ James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE