# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# WHEELING

**MICHAEL RAY FORTUNA**,

    Plaintiff,

v.                                                                **CIVIL ACTION NO. 5:19-CV-269**
                                                                                  **(BAILEY)**

**FBOP**, **et al.**,

    Defendants.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge James P. Mazzone [Doc. 6]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Mazzone for submission of a proposed report and recommendation ("R&R"). Magistrate Judge Mazzone filed his R&R on September 19, 2019, wherein he recommends that plaintiff's Complaint [Doc. 1] be dismissed without prejudice and that plaintiff's Motion for Leave to Proceed *in forma pauperis* [Doc. 2] be denied as moot.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right

1

to appeal this Court's Order.  28 U.S.C. § 636(b)(1); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).  Plaintiff timely filed his Objections on September 27, 2019 [Doc. 11].  Accordingly, this Court will review the portions of the R&R to which the plaintiff objects under a *de novo* standard of review.  The remainder of the R&R will be reviewed for clear error.

## BACKGROUND

Plaintiff does not object to Magistrate Judge Mazzone's recitation of the factual background.  In sum, plaintiff alleges that he fell from his top bunk—injuring his shoulder, back, neck, and hip—and blames various prison officials for either causing the fall, by ignoring his "bottom bunk pass," or for improper aid following the fall.  For relief, plaintiff is seeking medical treatment for his injuries, $5 million for pain and suffering, payment for future lost wages and earning capacity, payment for future medical expenses and mental distress, and $200/day for the rest of his life. Plaintiff acknowledges in his Complaint that there is a prison grievance procedure at FCI Gilmer, however plaintiff also acknowledges that he has not exhausted the grievance process because "it takes time to complete all of them" [Doc. 1 at 4].  As plaintiff freely admits that he has not completed the grievance process, Magistrate Judge Mazzone recommends dismissal of plaintiff's Complaint without prejudice for failure to exhaust available administrative remedies.

## APPLICABLE LAW

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that inmates exhaust available administrative remedies prior to filing civil actions, even though the administrative process may not afford them the relief they might obtain through civil

2

proceedings.[1] ***Woodford v. Ngo***, 548 U.S. 81 (2006); ***Porter v. Nussle***, 534 U.S. 516, 532 (2002) ("[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."); ***Booth v. Churner***, 532 U.S. 731, 731 (2001) ("Under 42 U.S.C. § 1997e(a), an inmate seeking only money damages must complete any prison administrative process capable of addressing the inmate's complaint and providing some form of relief, even if the process does not make specific provision for monetary relief."). Exhaustion of administrative remedies is also required when injunctive relief is requested. ***Goist v. United States Bureau of Prisons***, 2002 WL 32079467, at *4 n.1 (D.S.C. Sep 25, 2002) (Herlong, J.). "[A] court may not excuse a failure to exhaust" because the PLRA's mandatory exhaustion scheme "foreclose[s] judicial discretion." ***Ross v. Blake***, 136 S.Ct. 1850, 1856–57 (2016) ("[A] court may not excuse a failure to exhaust, even to take [special circumstances] into account."). But the plain language of the statute requires that only "available" administrative remedies be exhausted. *Id.* at 1855 ("A prisoner need not exhaust remedies if they are not 'available.'"). In ***Ross***, the Supreme Court set forth three scenarios where the administrative process is considered "unavailable": (1) the administrative process "operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates;" (2) the administrative process is so opaque that no ordinary prisoner can discern or navigate through the process; and (3) the "administrators thwart

---

[1] 42 U.S.C. § 1997e(a) provides the following: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remeides as are available are exhausted."

inmates from taking advantage of a grievance process through machination, misrepresentation or intimidation." *Id.* at 1859–60.

If an inmate exhausts administrative remedies with respect to some, but not all, of the claims he raises in a section 1983, ***Bivens***, or Federal Tort Claims Act action, the Court must dismiss the unexhausted claims and proceed with the exhausted ones. *See **Jones v. Bock***, 549 U.S. 199, 201 (2007) ("The PLRA does not require dismissal of the entire complaint when a prisoner has failed to exhaust some, but not all, of the claims included in the complaint. . . . If a complaint contains both good and bad claims, the court proceeds with the good and leaves the bad."). It appears to be the majority view as well that exhausting administrative remedies after a complaint is filed will not save a case from dismissal. *See **Neal v. Goord***, 267 F.3d 116, 121–22 (2d Cir. 2001) (citing numerous cases) (overruled on other grounds). The rationale is pragmatic. As the court stated in ***Neal***, allowing prisoner suits to proceed, so long as the inmate eventually fulfills the exhaustion requirement, undermines Congress' directive to pursue administrative remedies prior to filing a complaint in federal court. Moreover, if during the pendency of a suit, the administrative process were to produce results benefitting plaintiff, the federal court would have wasted its resources adjudicating claims that could have been resolved within the prison grievance system at the outset. *Id.* at 123. In ***Freeman v. Francis***, 196 F.3d 641, 645 (6th Cir. 1999), the court stated: "The plain language of the statute [42 U.S.C. § 1997e(a)] makes exhaustion a precondition to filing an action in federal Court. . . . The prisoner, therefore, may not exhaust administrative remedies during the pendency of the federal suit." Thus, the PLRA requires that available administrative remedies must be exhausted before the filing of a suit in federal court.

4

It is further clear that the PLRA does not require that an inmate allege or demonstrate that he has exhausted his administrative remedies. *See Jones*, 549 U.S. 199. Failure to exhaust administrative remedies is an affirmative defense—prison officials have the burden of proving that the inmate had available remedies which he did not exhaust. *Id.* at 216 (finding that failure to exhaust is an affirmative defense that a defendant must generally plead and prove); *see also* **Dale v. Lappin**, 376 F.3d 652, 655 (7th Cir. 2004) ("Although exhaustion of administrative remedies is a precondition to a federal prisoner filing a **Bivens** suit . . . failure to exhaust is an affirmative defense that the defendants have the burden of pleading and proving." (citations omitted)). This Court is not precluded, however, from considering at the outset whether an inmate has exhausted administrative remedies. "A court may sua sponte dismiss a complaint when the alleged facts in the complaint, taken as true, prove that the inmate failed to exhaust his administrative remedies." **Custis v. Davis**, 851 F.3d 358, 361 (4th Cir. 2017); **Anderson v. XYZ Prison Shealth Servs.**, 407 F.3d 674, 681–82 (4th Cir. 2005); *see also* **Banks v. Marquez**, 694 Fed. App'x 159 (4th Cir. 2017) (finding no error in the district court's decision to sua sponte dismiss petitioner's petition where petitioner explicitly admitted in his petition that he failed to exhaust his administrative remedies).

For **Bivens** purposes, proper exhaustion of available administrative remedies requires that "a prisoner must submit inmate complaints and appeals in the place, and at the time, the prison's administrative rules require." **Dale**, 376 F.3d at 655 (citations omitted); *see also* **Woodford**, 548 U.S. at 92–94, 101–102 (finding that the PLRA exhaustion requirement requires "full and proper exhaustion," which includes meeting all the time and procedural requirements of the prison grievance system). The Federal Bureau of Prisons ("BOP") has

5

established an Administrative Remedy Program, 28 C.F.R. § 542.10, *et seq.*, through which an inmate may seek formal review of issues or complaints relating to confinement. As Magistrate Judge Mazzone described:

> The Bureau of Prisons provides a four-step administrative process beginning with attempted informal resolution with prison staff (BP-8). *See* 28 C.F.R. § 542.10, *et seq.* If the prisoner achieves no satisfaction informally, he must file a written complaint to the warden (BP-9), within 20 calendar days of the date of the occurrence on which the complaint is based. If an inmate is not satisfied with the warden's response, he may appeal to the regional director of the BOP (BP-10) within 20 days of the warden's response. Finally, if the prisoner has received no satisfaction, he may appeal to the Office of General Counsel (BP-11) within 30 days of the date the Regional Director signed the response. An inmate is not deemed to have exhausted his administrative remedies until he has filed his complaint at all levels. 28 C.F.R.§ 542.10–542.15; **Gibbs v. Bureau of Prison Office**, 986 F.Supp. 941, 943 (D. Md. 1997).

[Doc. 6 at 3–4].

## **DISCUSSION**

Magistrate Judge Mazzone recommends dismissal of plaintiff's Complaint without prejudice for failure to exhaust available administrative remedies, as plaintiff's Complaint freely admits that plaintiff did not exhaust the grievance process because "it takes time to complete all of them," [Doc. 1 at 4], and plaintiff has made no claim that he was somehow prevented from exhausting his administrative remedies. *See* **Moore v. Bennette**, 517 F.3d 717, 725 (4th Cir. 2008) ("[A]n administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it."). In his Objections, plaintiff states that he filed his Complaint without exhausting his administrative remedies because it would take "at the least . . . 80 days" to do such and he "wasn't sure if [he] would still be . . . at the camp . . . [because he] leave[s] to the half-way house on Oct. 17th,

6

2019, and [he does not] know if they [the halfway house] have the administrative remedies or not" [Doc. 11 at 1].

Upon consideration, plaintiff's Objections **[Doc. 11]** are **OVERRULED**. Plaintiff admits he did not exhaust his administrative remedies, and there is no indication or allegation by plaintiff that the administrative remedy process was unavailable. Plaintiff merely speculates that he lacks sufficient time to complete the exhaustion process, and such speculation does not excuse the exhaustion requirement. In fact, to excuse exhaustion based on such reasoning would frustrate the purposes served by the PLRA's mandatory exhaustion requirement. *See, e.g.*, ***Vaden v. Summerhill***, 449 F.3d 1047, 1051 (9th Cir. 2006) ("[A] prisoner must pursue the prison administrative process as the first and primary forum for redress of grievances. He may initiate litigation in federal court only after the administrative process ends and leaves his grievances unredressed. It would be inconsistent with the objective of the statute [the PLRA] to let him submit his complaint any earlier than that.").

Furthermore, plaintiff's speculation is without merit. Plaintiff is concerned that administrative remedies may not be available at the halfway house. However, the BOP's Administrative Remedy Program specifically applies to "all inmates in institutions operated by the Bureau of Prisons, to inmates designated to contract Community Corrections Centers (CCCs) under the Bureau of Prisons responsibility, and to former inmates for issues that arose during their confinement." 28 C.F.R. § 542.10(b). Thus, as the Administrative Remedy Program applies to inmates at CCCs, commonly known as halfway houses, such remedies should be available to plaintiff there, and plaintiff must exhaust those available remedies before he attempts to bring his claims in federal court again.

To the extent plaintiff's Objections can be interpreted as arguing that plaintiff should be excused from exhaustion due to futility of filing an administrative remedy, such argument would also be without merit. As previously noted, the Supreme Court of the United States has stated that it "will not read futility or other exceptions into statutory exhaustion requirements[.]" ***Booth v. Churner***, 532 U.S. 731, 731 n.6 (2001); *see also* ***Massey v. Wheeler***, 221 F.3d 1030, 1034 (7th Cir. 2000) ("[T]here is no 'futility exception' to the PLRA exhaustion requirement."); ***Graham v. Cty. of Gloucester***, 668 F.Supp.2d 734, 740–41 (E.D. Va. 2009) (citing authority from various circuits and stating that "a prisoner's claim that the grievance system was unavailable to him because he lacked full knowledge of the specifics of the grievance process does not excuse or waive a failure to exhaust administrative remedies"); ***Smith v. Boyd***, 2008 WL 2763841, at *1 (D.S.C. July 11, 2008) (Harwell, J.) ("This court cannot waive the exhaustion requirement, which was specifically mandated by Congress, based on Plaintiff's ignorance of the requirement or any perceived futility or inadequacy with the administrative grievance process."); ***Jacocks v. Hedrick***, 2006 WL 2850639, at *5 (W.D. Va. Sept. 29, 2006) (Turk, J.) (finding that inmate's alleged pain and suffering after the loss of his eye were not special circumstances that would excuse his failure to exhaust where he had filed prior grievances complaining of other matters).

## CONCLUSION

For the reasons set forth above, this Court hereby **ORDERS** that plaintiff's Objections **[Doc. 11]** are **OVERRULED** and that Magistrate Judge Mazzone's Report and Recommendation **[Doc. 6]** is hereby **ADOPTED**. Accordingly, plaintiff's Complaint **[Doc. 1]**

8

is hereby **DISMISSED WITHOUT PREJUDICE**.  Furthermore, plaintiff's Motion for Leave to Proceed *in forma pauperis* **[Doc. 2]** is hereby **DENIED AS MOOT**.  The Clerk is **DIRECTED** to enter judgment in favor of the defendants and to **STRIKE** this action from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record herein and to mail a copy to the *pro se* plaintiff.

**DATED**: October 9, 2019.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE